UNITED STATES DISTRICT COURT "O"
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4075 CAS (Ex) | Date | August 9, 2012 |
|---|---|---|---|
| Title | ALEXSANDRA PILAVSKAYA v. JAMES HENDERSON, JR., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) DEFENDANT AND CROSS-CLAIMANT KOTLER'S MOTION TO AMEND PRETRIAL SCHEDULING ORDER AND CROSS-COMPLAINT (**filed 7/6/2012)

## I. INTRODUCTION

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

On May 12, 2011, plaintiff Alexsandra Pilavskaya ("Pilavskaya") initiated the instant action against James Henderson Jr. ("Henderson Jr.") and Alexander Kotler, M.D. ("Kotler") alleging four claims for relief: (1) fraud; (2) negligent misrepresentation; (3) violation of California Business and Professions Code §§ 17200 et seq.; and (4) conversion. Pelavskaya alleges that defendants fraudulently induced her into investing in a business plan for a project called Cloud Nine Entertainment, Inc. ("Cloud Nine").

On September 13, 2011, Kotler filed a cross-claim against Henderson Jr. alleging nine claims for relief: (1) conversion; (2) deceit—intentional fraud; (3) deceit—negligent misrepresentation; (4) deceit—constructive fraud; (5) breach of fiduciary duty; (6) unjust enrichment; (7) legal malpractice; (8) accounting; and (9) implied equitable indemnity. Dkt. No. 23. Kotler alleges that Henderson Jr. fraudulently induced him into investing in Cloud Nine.

On November 21, 2011, at the scheduling conference, the Court set an August 28, 2012 trial date and set January 13, 2012 as the last date to request leave to file an amended pleading. Dkt. No. 35. On April 16, 2012, pursuant to the parties' stipulation,

the Court set a new trial date for November 27, 2012. Dkt. No. 50. No change was made to the deadline for requesting leave to file an amended pleading.

On July 6, 2012, Kotler filed the instant motion for an order amending the pretrial scheduling order and for leave to file an amended cross-claim to add Bert Rhine and James Henderson Sr. as additional cross-defendants, and to add a claim for declaratory relief. Dkt. No. 52. Defendant Henderson Jr. filed an opposition on July 13, 2012. Dkt. No. 53. Kotler filed a reply on July 23, 2012. Dkt. No. 54. After considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II. BACKGROUND

In or around August 2008, Henderson Jr. allegedly presented Kotler with a business plan for Cloud Nine.[1] Cross-claim ("CC") ¶ 7. The plan was to install a helium-filled balloon as an amusement ride in Las Vegas, Nevada (the "project"). Id. Henderson Jr. allegedly told Kotler that Henderson Jr. would be the Chief Financial Officer and General Counsel of Cloud Nine, and that there was a principal investor who had already invested $2.4 million in the project. Id.

In alleged reliance on Henderon Jr.'s representations, Kotler invested $600,000 in Cloud Nine. Id. ¶ 9. Henderson Jr., acting in capacity as Kotler's attorney, prepared the contracts between Cloud Nine and Kotler, and advised Kotler to sign them. Id.

In or around October 2009, the project opened in Las Vegas. Id. ¶ 12. Kotler avers that although Henderson Jr. advised him that all the money provided by the investors had been spent on the project, Henderson Jr. could not and did not present Kotler with any itemized list of the expenses. Id. As a result, Kotler moved to Las Vegas in January 2010 to manage the balloon project himself. Id. ¶ 13. Upon his arrival, he met Anita O'Connor, a/k/a Anita Chanthasavath ("O'Connor"), Cloud Nine's marketing director. Id.

[1] At all times relevant to the instant motions, Henderson Jr. was Cloud Nine's attorney, as well as Kotler's son-in-law and personal attorney.

On August 18, 2010, there was a wind accident that virtually destroyed the balloon. Id. ¶ 15. Kotler alleges that the "principal investor" of Cloud Nine decided to purchase another balloon by using "insurance funds and his own additional investment." Id. After the claim was filed with the insurance company, Kotler allegedly opened a bank account at Nevada State Bank to deposit the insurance proceeds. Id. ¶ 16. Kotler avers that he intended to distribute the insurance proceeds to Cloud Nine's investors, comprised of himself, plaintiff Pilavskaya, and non-party Ron Sacco. Id.

Kotler allegedly received and deposited two checks in the amounts of $35,000 and $250,000, and was informed by the insurance company that a third check would be issued in the amount of $360,000. Id. ¶ 18. Thereafter, O'Connor allegedly informed Kotler that the third payment was diverted and went directly to Henderson Jr. and James Henderson Sr. ("Henderson Sr."), who are members of Cloud Nine's board of directors, but not investors. Id.

After an unsatisfactory explanation regarding the diversion of insurance proceeds, Kotler allegedly "remove[d] himself from actively participating in this project" and moved back to Los Angeles, California. Id. ¶ 19. At that time, approximately $40,000 to $50,000 of the insurance proceeds had been spent on various Cloud Nine expenses. Id.

Soon thereafter, Kotler allegedly wrote a check for the remaining funds, approximately $211,000, with the intent to disburse the funds to Cloud Nine's investors. Id. ¶ 20. The check bounced. Id. After a second attempt, Kotler was allegedly informed that the account was empty and overdrawn by approximately $300. Id.

Kotler avers that when he obtained all of the bank statements and copies of checks from the Cloud Nine bank accounts, he discovered that O'Connor had misappropriated funds from the Cloud Nine accounts.[2] Id. ¶ 21. Specifically, Kotler alleges that all three checks from the insurance company had been deposited into his account at Nevada State

[2] Kotler alleges that during the period of January 2010 to December 2010, O'Connor, in her capacity as marketing director and administrative assistant for Cloud Nine, had access to Kotler's personal and financial information, including his Social Security number, bank account numbers, checkbooks, and mail and bank documents. Id. ¶ 17.

Bank and that no check had been diverted. Id. Rather, O'Connor allegedly wrote a check in the amount of $316,000, forged Kotler's signature, and sent the check to the Hendersons. Id. Kotler further alleges that $211,000 was similarly embezzled via internet transfers, forged checks, and withdrawal slips, but that he does not know what O'Connor or the Hendersons did with that money. Id.

On May 14, 2012, Henderson Jr. received a letter from Bert Rhine ("Rhine") in which Rhine allegedly admitted to misappropriating approximately $33,000 of Cloud Nine's funds for his own personal use.[3] Matthew Taylor Declaration ("Taylor Decl.") Exh. B.

Accordingly, Kotler seeks to amend his cross-claim to add Henderson Sr. and Rhine as additional parties, and to add a claim for declaratory relief. Kotler's proposed amended cross-complaint ("PACC") alleges that Henderson Sr. conspired with the other cross-defendants to forge Kotler's signature, allowing these individuals to take control of all company funds that were subsequently used for their own personal benefit. PACC ¶ 23. The PACC further alleges that Rhine misappropriated approximately $33,000 belonging to Cloud Nine for his own personal use. Id. ¶ 26.

## III. LEGAL STANDARD

As a preliminary matter, the Court must decide whether Federal Rule of Civil Procedure 15(a) or 16(b) applies. Generally, a court grants a motion for leave to amend pleadings pursuant to the permissive standard of Rule 15(a). Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997). However, once the district court enters a scheduling order establishing a deadline for amending pleadings, Rule 16(b) applies. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). This is because once the scheduling order is in place, the court must modify the scheduling order to permit an amendment. W. Schwarzer, A. Tashima & M. Wagstaffe, Federal Civil Procedure Before Trial (2006) § 8:405.1 (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d at 609).

---

[3] Rhine's relationship to and involvement in the formation and operation of Cloud Nine is unclear.

Here, the Court previously set a deadline of January 13, 2012 for amending pleadings. Dkt. No. 35. Therefore, Kotler must demonstrate "good cause" for amendment under Rule 16. If "good cause" is shown, Kotler must demonstrate that amendment is proper under Rule 15(a).

**A. Federal Rule of Civil Procedure 16**

Rule 16(b)(4) provides that a scheduling order shall be modified "only for good cause." "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. Accordingly, while the court may consider the "existence or degree of prejudice" to the opposing party, the focus of a court's inquiry is upon the moving party's explanation for failure to timely move for leave to amend. Id. "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609).

**B. Federal Rule of Civil Procedure 15**

Rule 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir.2003)). "Some courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). However, "[u]ndue delay is a valid reason for denying leave to amend." Id. (internal quotation marks and citation omitted); but see Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend."). Further,

"the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party. Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." Jordan, 669 F.3d at 1324. "Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Kaplan, 49 F.3d at 1370 (internal quotation marks and citation omitted). Delay can contribute to a finding of prejudice, for "expense, delay, and wear and tear on individuals and companies count toward prejudice." Id. (internal quotation marks and citation omitted).

## IV. DISCUSSION

Kotler argues that good cause exists to add Rhine and Henderson Sr. as cross-defendants. Mot. at 5. Specifically, Kotler asserts that any delay in bringing the claims against Rhine is justified because he only recently discovered that Rhine had allegedly misappropriated Cloud Nine's funds. Id. (citing Taylor Decl. Exh. B). Similarly, Kotler contends that he only recently learned of Henderson Sr.'s role in the alleged misappropriation as a result of reviewing the letter sent by Rhine and O'Connor's deposition testimony, both of which he received in "late May 2012." Id. (citing Kotler Declaration ¶¶ 2–3).

In opposition, Henderson Jr. argues that Kotler's motion seeks to expand the instant action "well beyond" the Court's jurisdiction. Opp'n at 2. In particular, Henderson Jr. contends that there is no independent basis of jurisdiction and no supplemental jurisdiction because Rhine, Henderson Sr., and Kotler are all California residents. Id. Further, Henderson Jr. asserts that Kotler's claim for breach of fiduciary duty is improperly pled as an individual action, rather than as a derivative action as required by California Corporations Code § 800(b). Id. at 3–4. Finally, Henderson Jr. argues that there is no excuse for Kotler's delay in adding previously known defendants to the instant action. Id. at 5. Specifically, Henderson Jr. contends that Henderson Sr. was "prominently mentioned" in Kotler's original cross-claim as both a member of the Cloud Nine board of directors and as an alleged participant in the "diversion" of insurance proceeds, and that Rhine was identified in Kotler's initial disclosures as a prospective witness to the operations of Cloud Nine. Id.

The Court finds it appropriate to grant Kotler leave to amend. As an initial matter, adding Rhine and Henderson Sr. as cross-defendants does not destroy the Court's subject matter jurisdiction. "28 U.S.C. § 1367 permits a federal court to exercise supplemental jurisdiction over a cross-claim between non-diverse defendants, providing such claim is ancillary to a matter over which the court already has jurisdiction." Renteria v. Estate of Falk, 2007 WL 3227061, at *1 (D. Or. Oct. 29, 2007) (citing Glens Falls Indemnity Co. v. United States ex rel. Westinghouse Electric Supply Co., 229 F.2d 370, 373–74 (9th Cir.1955) (stating if a cross-claim under Rule 13 or a third-party claim under Rule 14 arises out of the subject matter of the original action and involves the same persons and issues, the claim is ancillary to the original action)).

Here, plaintiff Pilavskaya is a citizen of New York, and all literal and proposed defendants are citizens of California. Accordingly, the Court maintains diversity jurisdiction over the original complaint and may exercise supplemental jurisdiction over Kotler's cross-claims because those claims "form part of the same case or controversy" as plaintiff's claims. 28 U.S.C. § 1367(a). In particular, all claims pertain to the alleged misappropriation of Cloud Nine's funds. Therefore, the Court rejects Henderson Jr.'s argument that the Court lacks subject matter jurisdiction.

Further, the Court finds that Kotler has demonstrated good cause to amend the scheduling order. The "good cause" standard for modifying a scheduling order focuses on "the diligence of the party seeking the amendment." Coleman, 232 F.3d at 1294. Here, Kotler acted with reasonable diligence as he sought to modify the scheduling order and requested leave to amend his cross-claim shortly after learning of Rhine and Henderson Sr.'s alleged involvement in misappropriating Cloud Nine's funds. Although Henderson Sr. was mentioned in Kotler's original cross-claim, and Rhine was identified in Kotler's initial disclosures, it does not appear that Kotler was aware of the extent of each cross-defendant's alleged involvement in Cloud Nine's allegedly fraudulent conduct until May 2012. Further, that Kotler knew that Rhine and Henderson Sr. might be material witnesses to the case does not establish that he had a basis for adding them as defendants. Because Kotler requested leave to file an amended cross-claim shortly after

learning of Rhine and Henderson Sr.'s alleged involvement, the Court finds that he acted diligently and therefore that "good cause" exists to modify the scheduling order.[4]

Next, the Court finds that the proposed amendment is not futile. An amendment is futile where it "appears beyond doubt that the plaintiff's proposed amended complaint would not remedy the deficiencies in the previous complaints." Adam v. State of Hawaii, 235 F.3d 1160, 1164 (9th Cir. 2001) overruled on other grounds by Green v. City of Tucson, 255 F.3d 1086 (9th Cir. 2001). Given this high standard, courts rarely deny motions to amend on this basis. Green Valley Corp v. Caldo Oil Co., 2011 WL 1465883, at *6 (N.D. Cal. Apr. 18, 2011). Here, the proposed amended cross-complaint seeks to add only new parties, not any new claims (aside from a claim for declaratory relief). For this reason, Henderson Jr.'s argument that amendment is futile because the claim should be brought as a derivative action is unpersuasive. Whether these claims are properly pled is better left for a motion to dismiss.

Finally, granting Kotler leave to file an amended cross-claim will not unfairly prejudice Henderson Jr. The allegations at the heart of this case—that Cloud Nine's funds were misappropriated—remain unchanged. The proposed amended changes have no impact on the factual issues underlying the case, the group affected, or the relief sought. Cf. Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (finding prejudice where the claims the plaintiff sought to add "would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense"). Here, the proposed changes simply seek to add parties who may be responsible for the wrongs already alleged against Henderson Jr. in the original cross-claim.

Accordingly, the Court concludes that Kotler's motion to amend the scheduling order and for leave to file an amended cross-complaint should be granted.

[4] For the same reasons, the Court finds that Kotler did not act in bad faith or with undue delay as prohibited by Rule 15(a).

## V. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendant and cross-claimant Kotler's motion to amend the pretrial scheduling order and motion for leave to file an amended cross-complaint.

Kotler's proposed amended cross-complaint is deemed filed and Kotler is ordered to serve Rhine and Henderson Sr. forthwith.

IT IS SO ORDERED.

| | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |