```
FILED
CLERK, U.S. DISTRICT COURT
DEC 17 2012
CENTRAL DISTRICT OF CALIFORNIA
BY                       DEPUTY
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEKSANDRA PILYAVSKAYA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES HENDERSON, JR., an individual, and ALEXANDER KOTLER, M.D., an individual,<br><br>Defendants.<br><br>AND RELATED CROSS-CLAIMS | CASE No. CV 11-04075-CAS (Ex)<br><br>(Complaint filed May 12, 2011)<br><br>[~~PROPOSED~~] ORDER] RE: STIPULATION RE PROTECTIVE ORDER<br><br>[Filed concurrently with Stipulation Re Protective Order]<br><br>Pretrial Conference: 01/14/2013<br>Trial Date: 03/05/2013 |

IT IS HEREBY ORDERED THAT:

1. <u>Designating Confidential Materials</u>. In connection with discovery proceedings in this action, any Party may, in good faith, designate any document, thing, material, testimony or other information derived therefrom, as "CONFIDENTIAL" under the terms of this Stipulation for Protective Order ("Designated Materials").

2. The term "CONFIDENTIAL" shall be used to designate confidential materials and information that may consist of, among other things, business or

financial information, information regarding confidential or sensitive business practices, or other confidential research, development, or commercial information (including information on advertising, strategy, employee pay, customer identification, private employee information, and information implicating privacy rights of third parties) that the disclosing party or nonparty ("Producing Party") reasonably believes has not been made public and the disclosure of which will have the potential effect of causing harm to CNE and/or the person, firm, partnership, corporation, or to the organization from which the information was obtained. Materials designated as "CONFIDENTIAL," shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose. By designating information "CONFIDENTIAL," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Cal. Code. Civ. Proc. § 2031.060(b).

3. Designated Materials shall be so designated by stamping copies of the document produced to a Party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the Producing party.

4. <u>Deposition Testimony</u>. Testimony taken at a deposition may be designated as Confidential Material by making a statement to that effect on the record at the deposition or by providing notice of such designation within 20 days of the completion of the deposition. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions with the legend "CONFIDENTIAL."

5. <u>Disclosure of Confidential Information</u>. Information designated as "CONFIDENTIAL" may be disclosed or made available only to the Court and its

Case 2:11-cv-04075-CAS-E                                              Page 3 of 9

personnel (subject to provisions for filing under seal or lodging set forth below), outside counsel for any Party including their associates, paralegals and clerical personnel, the Parties, including employees and agents of the Parties, in-house counsel of the parties who are involved in the management of the proceeding, and to the following "Qualified Persons":

  a.  The Parties to this lawsuit;

  b.  Persons retained or consulted by the Parties or their attorneys for purposes of this litigation (including, but not limited to, experts), if such persons reasonably require the information to enable them to assist counsel in the prosecution or defense of this litigation;

  c.  The trial court (and any appellate court) for this Litigation, including any court reporters and personnel;

  d.  Court reporters, videographers, and necessary support personnel of such court reporters and videographers retained in connection with depositions taken by any party in this Litigation to the extent necessary to transcribe the deposition testimony, or videotape the deposition, and identify exhibits marked in the course of the deposition;

  e.  Experts and consultants, including their employees and support staff, who have been retained by a party's counsel in connection with this Litigation;

  f.  Current officers, directors, and employees of the Parties or non-party that produced the designated material;

  g.  Any witness who was an author or recipient of the Confidential Information;

  h.  Witnesses (other than expert witnesses and consultants) while testifying at deposition, hearing or trial. A recipient witness who is shown Confidential Information is not allowed to retain copies;

  i.  Outside photocopying, data processing or graphic producing services employed by the parties or their counsel to assist in this Litigation; and

1  j. Any arbitrator or mediator engaged in an attempt to settle the
2  Litigation.
3  k. Any other person as to whom the Parties in writing agree.
4  6. <u>Binding On Parties and Qualified Persons</u>. Prior to receiving any
5  Designated Materials, each "Qualified Person" shall execute an agreement to be
6  bound by the terms of this Protective Order in the form attached hereto as Exhibit
7  "A," a copy of which shall be provided forthwith to counsel for each other Party or
8  for the Parties;
9  7. This Protective Order shall be binding upon the Parties (including all
10 employees and agents of the Parties), outside counsel for any Party (including their
11 associates, paralegals and clerical personnel), in-house counsel of the parties who
12 are involved in the management of the proceeding, and all "Qualified Persons" who,
13 pursuant to the preceding paragraph, have executed an agreement to be bound by the
14 terms of this Protective Order. No person or entity upon whom this Protective
15 Order is binding shall use materials designated as "CONFIDENTIAL" for any
16 purpose other than in connection with the Action.
17 8. <u>Filing Confidential Documents Under Seal</u>. All documents that are
18 designated "CONFIDENTIAL" by any Party that are filed with the Court, marked
19 as an exhibit at a deposition, or otherwise provided to any other Party or counsel in
20 the Action for any purpose shall be filed under seal, or shall be lodged but not filed,
21 until further order of this Court. This Section shall not apply to the Parties'
22 submission of exhibits for trial, nor the handling of exhibits during trial.
23 9. <u>Parties' Own Confidential Documents</u>. Nothing in this Protective Order
24 shall prevent any Party from disclosing its own "CONFIDENTIAL" documents as it
25 deems appropriate. However, the restrictions set forth in this Order shall not apply
26 to information that is public before the date of its transmission to the receiving
27 Party, or which becomes known to the public after the date of its transmission to the
28 receiving Party, provided that such information does not become publicly known by

any act or omission of the receiving Party, its employees, or its agents which would be in violation of this Protective Order.

10. <u>Relief from Protective Order</u>. Should either Party believe that the other Party has inappropriately designated or is inappropriately designating documents or information "CONFIDENTIAL", or otherwise wishes to be relieved of obligations under this Order, it may petition the Court to be relieved of its obligations upon ten (10) days' written notice to the other Party. Until the Court rules on the motion, Designated Materials shall continue to be treated and designated as confidential. It shall be the burden of the party who makes the designation to demonstrate that the material or information at issue was properly designated.

11. <u>Subpoenas from Non-Parties</u>. If a Party in possession of Designated Materials receives a subpoena from a non-party to this Stipulation and Order seeking production or other disclosure of Designated Materials, he or she shall immediately give written notice to counsel for the Party who designated the Confidential, stating the Designated Materials sought and enclosing a copy of the subpoena. At least 10 days notice before production or other disclosure must be given unless the non-party has obtained an order of a court of competent jurisdiction compelling production within 10 days. In that event, no production or disclosure shall be made before telephonic notice is given and, whenever possible, sufficiently in advance of production or disclosure to afford the Party to whom such notice has been given at least three business days to take appropriate action, including seeking judicial relief.

12. <u>Return or Destruction of Designated Materials</u>. Within 60 days of the final resolution of this Action, including appeals, all Parties and persons to whom any Designated Materials have been disclosed or provided shall either return them to the Producing Party or destroy all such Designated Material, in which event the Party or person in possession of the Designated Material shall give written certification of such destruction to Counsel for the Producing Party; provided,

however, that this obligation shall not extend to any Designated Material included in conformed copies of materials filed with the Court. Notwithstanding the preceding paragraph, the attorney of record for any Party may retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, papers filed with the court, discovery, discovery responses, documents produced in formal or informal discovery, and attorney work product, even if such materials contain Confidential Material. Any such archival copies that contain or constitute Confidential Material remain subject to this Protective Order.

13. <u>Not a Waiver of Any Claim or Defense</u>. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this Action. The entry of this Protective Order shall not be construed as a waiver of any right to object, on any other grounds, to the furnishing of information or documents in response to discovery or to obtain information or documents in discovery, and, except as expressly provided, shall not relieve any Party of the obligation to produce information or documents in the course of discovery.

14. <u>Relief from Court</u>. This Protective Order shall not prevent any Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modify this Protective Order, subject to the approval of the Court

15. <u>Not a Waiver of Privileges or Objections</u>. This Protective Order is not intended to be and shall not be deemed to be a waiver of any privilege or evidentiary objection and it shall not control the use of any evidence during the trial of this Action. However, nothing herein shall preclude any Party from seeking the assistance of the Court in maintaining the confidential nature of any evidence which is presented at trial.

16. <u>Inadvertent Disclosure</u>. If a Party through inadvertence or otherwise produces or provides discovery of any Confidential Materials without designating it

as such in accordance with this Protective Order, the Producing Party may give written notice to the Party or Parties that have received the Designated Materials that the document(s), information, response, testimony or other discovery are Confidential Materials and should be treated as confidential in accordance with the provisions of this Protective Order. The Party or Parties that have received the materials must treat the materials as confidential from the date such notice is received. The inadvertent disclosure of any confidential document or information shall not be deemed a waiver of confidentiality as to any other document in which such information may be contained.

17. <u>Joint Document</u>. This Stipulation and Protective Order is a joint product of all counsel and ambiguities, if any, shall not be construed against any Party or its counsel.

DATED: 12/17/12

HON. ~~CHRISTINA H. SNYDER~~ Charles F. Eick
~~JUDGE UNITED STATES DISTRICT COURT~~
United States Magistrate Judge

# EXHIBIT A

# EXHIBIT A

## NON DISCLOSURE AGREEMENT

I, _____, do solemnly affirm that I am fully familiar with the terms of the stipulated protective order in *Aleksandra Pilyavskaya v. James Henderson, Jr., et al.*, pending before the United States District Court, Central District of California, Case No. CV 11-04075-CAS (Ex), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED: _____        _____
                            Signature

                            _____
                            PRINT NAME

N:\1-3401\001\P[Prop]OrdStipProtectiveOrd02.doc        8
[PROPOSED] ORDER] RE: STIPULATION RE PROTECTIVE ORDER