UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4075-CAS (Ex) | Date | June 10, 2013 |
|---|---|---|---|
| Title | ALEXANDRA PILYAVSKAYA V. JAMES HENDERSON, JR. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants/Cross-Plaintiffs |
|---|---|
| Not Present | Matthew Taylor<br>Michael Denison |
| | Attorneys Present by Cross-Defendant |
| | Neil Fraser |

**Proceedings:** **DEFENDANT JAMES HENDERSON, JR.'S MOTION FOR DETERMINATION THAT SETTLEMENT IS IN GOOD FAITH** (filed May 6, 2013) [Dkt. No. 86]

## I.   INTRODUCTION

On May 12, 2011, plaintiff Alexsandra Pilyavskaya ("Pilyavskaya") filed suit against James Henderson Jr. ("Henderson Jr.") and Alexander Kotler, M.D. ("Kotler") alleging four claims for relief: (1) fraud; (2) negligent misrepresentation; (3) violation of California Business and Professions Code §§ 17200 et seq.; and (4) conversion. Pilyavskaya alleges that defendants fraudulently induced her into investing in a business plan for a company called Cloud Nine Entertainment, Inc. ("Cloud Nine").

On September 13, 2011, Kotler filed a cross-claim against Henderson Jr. alleging nine claims for relief: (1) conversion; (2) deceit—intentional fraud; (3) deceit—negligent misrepresentation; (4) deceit—constructive fraud; (5) breach of fiduciary duty; (6) unjust enrichment; (7) legal malpractice; (8) accounting; and (9) implied equitable indemnity. Dkt. No. 23. Kotler contends, *inter alia*, that Henderson Jr. fraudulently induced him into investing in Cloud Nine.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4075-CAS (Ex) | Date | June 10, 2013 |
|---|---|---|---|
| Title | ALEXANDRA PILYAVSKAYA V. JAMES HENDERSON, JR. ET AL. | | |

On October 20, 2011, Pilyavskaya dismissed her claims against Henderson Jr. without prejudice, pursuant to a settlement agreement between these parties. In the agreement, plaintiff further covenanted not to bring suit against James Henderson Sr., Bert Rhine, or Cloud Nine.

On August 9, 2012, the Court granted Kotler leave to file a First Amended Cross-Complaint, adding Henderson Sr. and Rhine as additional co-defendants and a tenth claim for declaratory relief. Dkt. No. 59. After the Court granted Henderson Sr.'s motion to dismiss in part, Kotler filed a Second Amended Cross-Complaint ("SACC") on January 11, 2013, asserting the same ten claims for relief. Dkt. No. 81. His claim for equitable indemnity is asserted against all cross-defendants.

On January 14, 2013, Henderson Sr. filed a cross-claim against Kotler, asserting claims for fraud and breach of fiduciary duty. Dkt. No. 79. These claims were allegedly assigned to Henderson Sr. by non-party Helium Investment Group, S.A. ("Helium"), one of the investors in the project.

On May 6, 2013, defendant and cross-defendant Henderson Jr. filed the instant motion for a determination that settlement with plaintiff is in good faith. Dkt. No. 86. Henderson Jr. contends that granting his motion would dispense with Kotler's claim for equitable indemnification against Henderson Jr., Henderson Sr., and Rhine. Cross-defendant Henderson Sr. and cross-defendant Rhine join in the motion. Dkt. Nos. 87, 88. The Court held a hearing on June 10, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

### A.    Henderson Jr.'s Contentions

According to Henderson Jr., Cloud Nine is a Nevada corporation with three investor shareholders—plaintiff, Kotler, and non-party Helium, whose potential claims in this litigation have been assigned to Henderson Sr. Decl. of James D. Henderson, Jr. ("JDH") ¶ 4. Henderson Jr. is a director and corporate counsel of Cloud Nine; his father, Henderson Sr., is the only other current director.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4075-CAS (Ex) | Date | June 10, 2013 |
|---|---|---|---|
| Title | ALEXANDRA PILYAVSKAYA V. JAMES HENDERSON, JR. ET AL. | | |

    Helium provided the initial capital investment for Cloud Nine's hot air balloon ride, through its consultant Ron Sacco, a former client of Henderson Sr.  In August 2008, Kotler, Henderson Jr., and plaintiff met in Los Angeles to discuss her investment in the project.  Plaintiff was presented with a draft investment agreement, which Kotler explained to her in Russian.  Both plaintiff and Kotler invested $600,000 in Cloud Nine, which then began operations.

    On March 18, 2010, the balloon was badly damaged by high winds.  Id. ¶ 16.  Kotler, on behalf of Cloud Nine, submitted claims to its insurance carrier related to the damage.  Kotler allegedly worked with Anita O'Connor, a Cloud Nine employee, to put together an inflated loss claim based on inflated daily revenues for the balloon operation.  After submitting this portion of the claim, however, O'Connor contacted the Hendersons to alert them to the potential insurance fraud.  Id. ¶ 20.  Thereafter, the board decided to drop the claim for lost revenues, and instead made claims only for lost rent and the replacement cost of the balloon, which formed the basis for the resulting payments from the insurance company.  Id.

    The insurer paid the claim in four separate checks.  Kotler received the first three of these checks and deposited them in a separate bank account that he opened in the name of Cloud Nine Entertainment, a sole proprietorship.  Id. ¶ 17; JDH Ex. F.  In total, the first three insurance checks amounted to $646,112.81.

    After the deposit of the third check in the Cloud Nine sole proprietorship account, O'Connor contacted the Hendersons to inform them that the insurance funds had been deposited in Kotler's personal accounts.  JDH Decl. ¶ 18; O'Connor Depo. at 76–77.  Without Kotler's knowledge and at the Hendersons direction, O'Connor then transferred $361,112.81 from the Nevada State Bank accounts into Cloud Nine Entertainment, Inc.'s corporate account, JDH Decl. ¶ 18, leaving approximately $285,000 unaccounted for.  Henderson received the fourth insurance check in the amount of $56,000 directly, and he deposited it into the proper corporate account.  Kotler resigned from his role as a director and officer of Cloud Nine on or about May 28, 2010, the same day as Rhine.  Id. ¶ 15.  At this point, the Hendersons were the only remaining board members.

    Cloud Nine used the insurance proceeds it did receive to get the balloon operational once more and pay for various business expenses.  The project continued to lose money, however, and in December 2010, it was permanently closed.  Id. ¶ 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4075-CAS (Ex) | Date | June 10, 2013 |
|---|---|---|---|
| Title | ALEXANDRA PILYAVSKAYA V. JAMES HENDERSON, JR. ET AL. | | |

After this action was filed, plaintiff and Henderson Jr. reached an agreement whereby plaintiff would be paid the remaining Cloud Nine assets, which at that time consisted of only $134,000 in cash. In exchange, plaintiff agreed not to further sue Cloud Nine, or present or former directors and officers Rhine, Henderson Sr., and Henderson Jr. for any alleged claims arising out of plaintiff's investment in Cloud Nine. JDH Ex. A, ¶ 6. She further agreed to dismiss her complaint against Henderson Jr. without prejudice. Id. ¶ 5.

As part of the agreement, plaintiff stated that she materially relied on the statements contained in Henderson Jr.'s affidavit, which is attached to the agreement as exhibit A. In this affidavit, Henderson Jr. testifies that he does not know what Kotler did with the "initial" insurance payment of $250,000, and that the insurance proceeds were otherwise used for valid business expenses. JDH Ex. A, Ex. A thereto. He further avers that all of the funds invested in or earned by Cloud Nine were used to pay for legitimate business expenses, and that he received no more than $55,000 in total compensation.

B.  **Kotler's Contentions**

Kotler is the only party opposing Henderson Jr.'s motion. According to Kotler, he decided to invest in the Cloud Nine project based primarily on his trust in Henderson Jr., who was his son-in-law at the time. Decl. of Alexander Kotler ¶ 3.[1]

When the wind-related accident happened in March 2010, Kotler repeatedly tried to reach Henderson Jr. without success, and given this absenteeism, Kotler demanded that Henderson Jr. resign. Id. ¶ 14. Henderson Jr. did so on March 26, 2010. Kotler Decl. Ex. 5. At this point, Kotler desired to close down the balloon operation as soon as possible and recoup what remained of his investment, but Helium wanted to continue operating with a new balloon. Id. ¶ 17. As to the insurance claim, he instructed O'Connor to print out the point of sales invoice, which would indicate Cloud Nine's revenues during its operation. Kotler learned during discovery, however, that O'Connor,

---

[1] To the extent the Court's order relies on certain statements in Kotler's declaration, to which Henderson Jr. objects, the Court overrules these objections.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4075-CAS (Ex) | Date | June 10, 2013 |
|---|---|---|---|
| Title | ALEXANDRA PILYAVSKAYA V. JAMES HENDERSON, JR. ET AL. | | |

Henderson Jr., and Rhine handled the insurance claim and submitted an inflated claim to the insurer. Id. ¶¶ 18–19; Ex. 7.[2]

Kotler decided to open a separate bank account at Nevada State Bank for the sole purpose of depositing the insurance proceeds, such that these funds could then be disbursed to the investors in proportion to the amount each had invested. Id. ¶ 20. O'Connor then withdrew the funds from Kotler's account, forging his signature to do so, and transferred them to the Cloud Nine corporate account. Id. ¶ 23. Thereafter, O'Connor gradually drew down the remaining insurance money in the Nevada State Bank accounts until there was no money left, both by forging Kotler's signature and making unauthorized cash withdrawals and internet transfers. Kotler Decl. ¶ 24; Ex. 11. To date, Cloud Nine (through Henderson Jr.) has recovered $18,200 from O'Connor. Decl. of Edmund J. Towle III ¶ 14.

After learning of the settlement in this action between Pilyavskaya and Henderson Jr., Kotler filed a complaint against both of them in the Los Angeles County Superior Court on April 11, 2012. Kotler seeks to recover corporate funds that he alleges were inappropriately used to settle the claims brought against Henderson Jr. Kotler Decl. Ex. 1 (Compl., Kotler v. Pilyavskaya, LASC Case No. BC482705).

On September 17, 2012, the purported remaining directors of Cloud Nine's board, the Hendersons, signed a corporate resolution addressing a number of issues. Decl. of Matthew Taylor Ex. C. This resolution finds that the settlement between Henderson Jr. and Pilyavskaya, is in the "best interests of [Cloud Nine], because Pilyavskaya was the only investor/shareholder with a written and executed Investor's Agreement." Id. at 1. Furthermore, it recites that O'Connor had taken about $214,000 of the Cloud Nine insurance proceeds. And although it is unclear when Cloud Nine lost its status as an active corporation, the resolution states that Henderson Jr. "shall take whatever steps are necessary to re-activate [Cloud Nine] as a corporation in good standing in Nevada." Id. at 2. Once this is accomplished, the Hendersons further resolved to execute any documents necessary to consummate the settlement agreement, and purported to

---

[2] Henderson Jr. contends that various emails from around the time of the accident demonstrate that Kotler, not Henderson Jr., handled the insurance claim. See Supp. Decl. of James Henderson, Jr. ¶ 13, Ex. 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4075-CAS (Ex) | Date | June 10, 2013 |
|---|---|---|---|
| Title | ALEXANDRA PILYAVSKAYA V. JAMES HENDERSON, JR. ET AL. | | |

retroactively "ratify" any corporate resolutions that may have been adopted during Cloud Nine's inactive status.  Id.

## II.   LEGAL STANDARD

California Code of Civil Procedure Section 877 provides in pertinent part that:

> Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort, or to one or more other co-obligors mutually subject to contribution rights, it shall . . . discharge the party to whom it is given from all liability for any contribution to any other parties.

Id.

Typically, a defendant is entitled to a finding of good faith settlement if the settlement complies with the factors set forth in Tech-Bilt, Inc. v. Woodward-Clyde & Assocs., 38 Cal. 3d 488 (1985).  In particular, a court should consider: (1) whether the settlement is a rough approximation of plaintiff's total recovery and the settlor's proportionate liability; (2) the amount paid in settlement; (3) the allocation of settlement proceeds among plaintiffs; (4) a recognition that a settlor should pay less in settlement than he would if found liable at trial; (5) the financial conditions and insurance policy limits of the settling defendant; (6) the existence of collusion, fraud, tortious conduct aimed to injure the interests of the nonsettling defendants; and (7) the information available at the time of the settlement.  Id. at 499.

Principal among these factors is "whether the amount paid in settlement bears a reasonable relationship to the settlor's proportionate share of liability."  TSI Seismic Tenant Space, Inc. v. Sup. Ct., 149 Cal. App. 4th 159, 166 (2007).  If the Court determines that the settlement was made in good faith, this determination "shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault."  Cal. Code Civ. P. § 877.6(c). And under this section, "the plaintiff's claims against the other defendants are to be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4075-CAS (Ex) | Date | June 10, 2013 |
|---|---|---|---|
| Title | ALEXANDRA PILYAVSKAYA V. JAMES HENDERSON, JR. ET AL. | | |

reduced by 'the amount of consideration paid for' the settlement." Franklin Mint v. Sup. Ct., 130 Cal. App. 4th 1550, 1556 (2005).

The "burden of proof [is] on the party challenging the settlement to 'demonstrate, if he can, that the settlement is so far 'out of the ballpark' in relation to [these factors] as to be inconsistent with the equitable objectives of the statute.'" Nutrition Now, Inc. v. Superior Court, 105 Cal. App. 4th 209, 213 (2003) (quoting Tech-Bilt, 38 Cal. 3d at 499–500).

### IV.  ANALYSIS

Henderson Jr. argues that the Tech-Bilt factors support a finding that his settlement (and that of his co-defendants) was made in good faith. In particular, he contends that the settlement represents a fair apportionment of Henderson Jr.'s potential liability in this action; he lacks significant financial means with which to pay any settlement; and there is no evidence of fraud, collusion, or bad faith on the part of the settling parties. By Henderson Jr.'s calculations, there was approximately $134,000 remaining in Cloud Nine's corporate account at the time of the settlement, and Kotler had already misappropriated $250,00 of the insurance proceeds for himself. Assuming that non-party Helium would obtain nothing, an equal distribution of Cloud Nine's remaining known assets to the other investors—Pilyavskaya and Kotler—would result in each obtaining approximately $192,000. Thus, Henderson Jr. contends that the settlement that he (and Cloud Nine) reached with Pilyavskaya, awarding her $134,000, is reasonable.

In opposition, Kotler argues that he is in fact still a director of Cloud Nine, and therefore Cloud Nine funds could not be used to settle plaintiff's claim against Henderson Jr. without his having a say in the matter. As such, the corporate resolution purporting to approve the settlement signed only by the Hendersons is of no effect, as the only evidence that Kotler is no longer a member of the board is an unsigned corporate resolution produced during discovery. See Taylor Decl. Ex. C. Therefore, he contends that any purported settlement using Cloud Nine funds should not be considered by the Court. Moreover, he contends that this settlement impermissibly releases others from liability, including Rhine, who admitted to stealing more than $40,000 in funds from the company, and does not reflect a fair apportionment of the parties' potential liability.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4075-CAS (Ex) | Date | June 10, 2013 |
|---|---|---|---|
| Title | ALEXANDRA PILYAVSKAYA V. JAMES HENDERSON, JR. ET AL. | | |

After reviewing the available evidence, the Court finds that disputed issues of fact preclude granting Henderson Jr.'s motion for a determination that the settlement was entered into in good faith. Most problematically, Henderson Jr. purports to use corporate funds—based upon a resolution entered into by himself and his father—to settle plaintiff's claims against him and a host of other co-defendants, none of whom are investors in the project. Given that it is disputed whether Kotler was or was not a member of the board of directors at this time, the Court cannot determine that any settlement the board entered into on Henderson Jr.'s behalf was made in good faith. And depending on the particular claims, if any, on which plaintiff prevails against Henderson Jr., he may not even be entitled to indemnification from Cloud Nine. Nor can the Court determine, given the pervasive factual disputes in the record, who is more likely to bear the majority share of liability if plaintiff succeeds on her claims.

For all of the foregoing reasons, the Court finds that it cannot determine on this record whether the settlement entered into with plaintiff on behalf of Cloud Nine, Rhine, Henderson Sr., and Henderson Jr. was made in good faith. Accordingly, Henderson Jr.'s motion to enforce the settlement agreement is denied without prejudice.

## V. CONCLUSION

In accordance with the foregoing, the Court DENIES Henderson Jr.'s motion for a determination that settlement is in good faith.

IT IS SO ORDERED.

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |